JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Gonzalez, | No. CV 05-1569-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #9). Plaintiff responded, and Defendant replied (Doc. ##11, 13). The Court provided Plaintiff another opportunity to respond to the motion (Doc. #14). Plaintiff did not submit a second response. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by insufficient food, overcrowding, and unsanitary conditions at the county jail (Doc. #1). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##5, 9).

In his motion, Defendant contends that Plaintiff failed to grieve the alleged violations through the administrative grievance system provided by the Maricopa County Sheriff's Office (Doc. #9). Defendant relies on Plaintiff's admission in the Complaint that he did not exhaust his administrative remedies as to any of his claims (Id. at 2). In support of his motion Defendant attached the affidavit of Zelean Tademy, a Hearing Officer for inmate

discipline and grievances (Ex. 1, Doc. #9).  Tademy asserts that from the time Plaintiff was booked into the jail to the present, Plaintiff did not file any grievances or external appeals (Tademy Aff. ¶ 8, Ex. 1).  Tademy also asserts that other inmates have grieved the issue of overcrowding, and an example of this type of grievance is attached to his affidavit (Id. ¶ 5, Attach. B).  In addition, Defendant attached a copy of Policy DJ-3, which outlines the inmate grievance procedures (Attach. A).

By Order dated February 9, 2006, the Court informed Plaintiff of his obligation to respond and of the quantum of evidence necessary to successfully rebut Defendant's contentions (Doc. #10).  Plaintiff filed a Response in which he states that he did not receive a copy of Defendant's motion (Doc. #11).  In an apparent response to the Court order, Plaintiff asserts that he did exhaust his administrative remedies and, in the alternative, he is no longer in the custody of the county, therefore, he has no available remedies to pursue and the Prison Litigation Reform Act should not bar his claims (Id. at 2).  Plaintiff also moved for an extension of time in which to respond to Defendant's motion in light of his not receiving a copy (Doc. #12).  Defendant opposed the request for an extension, and argued that Plaintiff failed to proffer any evidence to refute the facts presented in Defendant's motion (Doc. #13).

The Court granted the motion for additional time to respond and ordered Defendant to provide Plaintiff with a copy of the Motion to Dismiss (Doc. #14).  Defendant notified the Court of his compliance with the order and, to date, Plaintiff has not responded to the motion (Doc. #15).  The time for filing a second response has expired, and the motion is ready for ruling.

**II.  Legal Standard**

A plaintiff must first exhaust available administrative remedies before commencing a § 1983 action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, No. 05-15650, 2006 WL 1529029, at *2 (9th Cir. June 6, 2006); Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006).  Exhaustion is required regarding all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process.

Booth v. Churner, 532 U.S. 731, 741 (2001).  However, the exhaustion requirement is only applicable to a plaintiff who is a prisoner at the time he files suit.  Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); see also Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

**III. Analysis**

Defendant demonstrated that there exists a grievance system which was made available to the Plaintiff.  Because Plaintiff was a prisoner when he filed this action, he is subject to the exhaustion requirement.  Plaintiff has not satisfactorily rebutted Defendant's contention, supported by Tademy's affidavit, that Plaintiff failed to file any grievances and that grievances can be filed on similar issues.  In failing to respond when provided a second opportunity to do so, Plaintiff presented nothing to support a conclusion that he exhausted the available grievance procedures.  On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 9) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 23rd day of June, 2006.

_____
David G. Campbell
United States District Judge